FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 09 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHERINE KASSEL, RONNIE KASSEL, SHERYL DUNNE, CLAIRE KASSEL, JOHN DUNNE, ERIC GRAMBERG JOYCE DUNNE, CLAIRE KASSEL, SHERYL ATTIAS

DEARIE, CH. J.
AZRACK, M.J.

              Plaintiff,

-against-

NCO FINANCIAL SYSTEMS, INC.

              Defendant(s).
-----------------------------------------------------------------X

Civil Action No.:

**10 2656**

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs KATHERINE KASSEL, RONNIE KASSEL SHERYL DUNN, CLAIRE KASSEL, JOHN DUNN, ERIC GRAMBERG, JOYCE DUNN, CLAIRE KASSEL, AND SHERYL ATTIAS ("Plaintiffs"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant NCO FINACIAL SYSTEMS INC. ("NCO") hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 39 Hemlock Ct., Apt. 152, Staten Island, N.Y. 10309. Defendant NCO Financial Systems, Inc. is a corporation with a business address at 507 Prudential Road, Horsham, Pennsylvania

19044.

3. NCO is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

8. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the approximately April 14th, 2010.

9. The Defendant's called and spoke to Plaintiffs Sheryl Dunn and Eric Gramberg on April 14th at 2:01 PM and again at 4:58PM enquiring of Plaintiff Katherine Kassel's whereabouts. The Plaintiff Sheryl Dunn told the debt collector that none by the name Katherine lived there and asked him to stop calling and to remove her phone number

from their system. In response the debt collector assured the Plaintiff Sheryl Dunne that her number would be removed and they would not call again.

10. The Defendant called Plaintiff's Sheryl Dunne and Eric Gramberg again the next day April 15th and again asked for Katherine Kassel. Plaintiff Eric Gramberg said she didn't live there and handed the phone to Plaintiff Sheryl Dunne who once again told them that no one by that named lived there.

11. The Defendant violated the Plaintiff's Sheryl Dunn and Eric Gramberg's rights under 15 USC §1692d preface by harassing, and abusing them by calling back after they knew Katherine Kassel did not live there and that they were requested previously to stop calling.

12. The Defendant's then started a campaign of calling Plaintiff's Katherine Kassel and Ronnie Kassel approximately the 18th of April.

13. The Defendant's called both the home phone of Plaintiff's Katherine Kassel and Ronnie Kassel leaving numerous messages and engaging Plaintiff's Ronnie Kassel and Katherine Kassel in conversation. The Defendant's were aware they were speaking to Plaintiff Katherine Kassel or her husband Ronnie Kassel and therefore had the correct contact and location information for them.

14. The Defendant further called the cell phone of Plaintiff Ronnie Kassel numerous times both leaving messages and engaging him in conversation. The Plaintiff Ronnie Kassel requested that the Defendant stop calling his cell phone as it belonged to him and not Katherine Kassel.

15. The Defendant in spite of being requested to stop calling Plaintiff Ronnie Kassel's cell phone continued to do so and thereby violated 15 USC §1692d preface by

harassing, abusing and annoying him.

16. The Defendant further violated 15 USC §1692d – preface by abusing and harassing Plaintiff Ronnie Kassel and further violated 15 USC §1692f – preface by causing charges to be made to Plaintiff Ronnie Kassel for the continued calls to his cell phone and thus being and unfair and unconscionable means to attempt to collect a debt.

17. The Defendant further violated 15 USC §1692c(b) when Plaintiff Katherine Kassel's mother Anita Boehm heard the prerecorded and computerized messages left on the home phone of Plaintiff Katherine Kassel. The message identified themselves as debt collectors, that they were attempting to collect a debt and any information would be used for that purpose.

18. The Defendant after having the correct location and contact information for Plaintiff Katherine Kassel continued to call Plaintiff Katherine Kassel's relatives thereby violating 15 USC §1692d – preface by harassing and abusing such relatives and by violating 15 USC §1692f – preface by using an unconscionable means to attempt to collect a debt.

19. The Defendant violated the rights of Plaintiff John Dunn (Katherine Kassel's father) and Plaintiff Joyce Dunne by calling them on the 19th of April, 2010 and engaging them in conversation. The Defendant continuingly questioned Plaintiff John Dunne about his daughter plaintiff Katherine Kassel.

20. The Plaintiff John Dunne questioned them as to why they were calling him when they knew Plaintiff Katherine Kassel didn't live there the Defendant refused to answer. The Plaintiff John Dunne further ordered them very strongly not to call again, and that he would report the debt collector to the Attorney General in the future."

21. The Defendant called Plaintiff John Dunne and Joyce Dunne again the in the following days in spite of having been requested not to do so and engaged the Plaintiff's John Dunne and Joyce Dunne in conversation.

22. The Defendant's thereby violated 15 USC §1692d – preface by harassing and abusing Plaintiff's John Dunne and Plaintiff Joyce Dunne and by violating 15 USC §1692f – preface by using an unconscionable means to attempt to collect a debt.

23. The Defendant further called Plaintiffs Claire Kassel and Sheryl Attias – the mother in law and sister in law of Plaintiff Katherine Kassel three times starting on May 4, 2010, and approximately May 6th and May 7th 2010.

24. The Defendant already having the correct contact and location information for Plaintiff Katherine Kassel continued to violate violating 15 USC §1692d – preface by harassing and abusing Plaintiff Claire Kassel and Sheryl Attias and by violating 15 USC §1692f – preface by using an unconscionable means to attempt to collect a debt.

25. Plaintiff's Claire Kassel and Sheryl Attias requested that the Defendant stop calling and informed them that they had the wrong number.

26. The Defendant and all of its phone calls and communication s with Plaintiffs SHERYL DUNN, CLAIRE KASSEL, JOHN DUNN, ERIC GRAMBERG, JOYCE DUNN, CLAIRE KASSEL, AND SHERYL ATTIAS did not the required warnings under 15 USC§1692b that they were confirming or correcting location information and further communicated with the above Plaintiff's more than once when they were specifically requested not to do so.

27. The Defendant's Messages to Plaintiff's Katherine Kassel and Ronnie Kassel further violated 15 USC §1692g by failing to include in the Message or send within five

days of the initial communication a written notice informing the Plaintiff of her right to dispute in writing the validity of the debt or any portion thereof within 30 days of the initial communication; that if it is disputed the Defendant will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer; and that upon the Plaintiff's request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. The Defendant's failure to include the validation notice in the Message or send one in writing within five days of the initial communication was deceptive and further violated 15 USC §1692e – preface and(10) which prohibits the use of any false, deceptive or misleading representation or means in connection with the collection of any debt.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692d preface, 15 USC §1692f preface, 15 USC §1692g) and 15 USC §1692e and e(10).

31. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

32. Plaintiffs KATHERINE KASSEL, RONNIE KASSEL, SHERYL DUNN, CLAIRE KASSEL, JOHN DUNN, ERIC GRAMBERG, JOYCE DUNN, CLAIRE KASSEL, AND SHERYL ATTIAS hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs KATHERINE KASSEL, RONNIE KASSEL, SHERYL DUNN, CLAIRE KASSEL, JOHN DUNN, ERIC GRAMBERG, JOYCE DUNN, CLAIRE KASSEL, AND SHERYL ATTIAS demands judgment from the Defendants NCO as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
MAY 10, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiffs KATHERINE KASSEL,*

*RONNIE KASSEL, SHERYL DUNN, CLAIRE*

*KASSEL, JOHN DUNN, ERIC GRAMBERG, JOYCE*

*DUNN, CLAIRE KASSEL, AND SHERYL ATTIAS*

To:   NCO
      507 Prudential Road
      Horsham, Pennsylvania 19044.

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:


KATHERINE KASSEL, RONNIE KASSEL, SHERYL DUNNE,
CLAIRE KASSEL, JOHN DUNNE, ERIC GRAMBERG
JOYCE DUNNE, CLAIRE KASSEL, SHERYL ATTIAS


                        Plaintiff(s),

    -against-

NCO FINANCIAL SYSTEMS, INC.

                        Defendant(s).

---

# COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

---